## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.

If intoxicating liquors have been seized under Gen. Sts. c. 86, the value of which, in the opinion of the justice before whom the warrant is returnable, exceeds twenty dollars, the notice to the keeper and claimants, required by § 54, is properly made returnable to the superior court for criminal business, if there are separate terms for civil and criminal business.

The opinion of the justice as to the value of intoxicating liquors which have been seized under Gen. Sts. c. 86, on a search-warrant returnable before him, sufficiently appears of record if it is stated in the notice to the keeper and claimants, which is required by the provisions of that chapter.

A claimant who has appeared and been admitted to prosecute his claim to such liquors cannot object, after a verdict of forfeiture, to defects in the service of the notice to him.

If a search-warrant for intoxicating liquors describes the liquors simply by naming the kinds and quantities, liquors of the kinds and not exceeding the quantities named may be seized.

COMPLAINT under Gen. Sts. c. 86, § 42, for a search-warrant for certain intoxicating liquors, namely, "a certain quantity of rum, being about and not exceeding sixty gallons; a certain quantity of whiskey, being about and not exceeding sixty gallons; a certain quantity of gin, being about and not exceeding forty gallons; a certain quantity of brandy, being about and not exceeding ten gallons; a certain quantity of ale, being about and not exceeding thirty-two gallons; a certain quantity of beer, being about and not exceeding thirty-two gallons."

This complaint was sworn to before a trial justice, who issued a search-warrant for the liquors described, and the officer accordingly seized "twelve gallons whiskey in a barrel; ten gallons rum in a barrel; thirty-two gallons ale in a barrel; six gallons rum in a barrel; twenty gallons beer in a barrel; five gallons

rum in a keg; one gallon whiskey in a barrel; one quart rum in a keg · one quart of rum in a bottle; one pint gin in a bottle; one quart cherry rum in a bottle; one pint whiskey in a bottle; one pint of rum in a bottle; one pint whiskey in a bottle."

The trial justice thereupon issued a warrant commanding certain officers therein named to serve a notice, which was annexed, upon William C. Keilley, and to make certain postings and publications thereof. The notice, which was addressed to Keilley and all other persons claiming an interest in the liquors, recited that the value of the rum, gin, brandy, ale, beer and whiskey, with the vessels containing them, in his opinion, exceeded twenty dollars, and was returnable before the superior court at a term held for the transaction of criminal business. Keilley appeared as a claimant, and prosecuted his claim; and a verdict was returned that the liquors were kept by him in violation of law. He thereupon moved in arrest of judgment, for want of jurisdiction in the court; but the motion was overruled, and he alleged exceptions.

*N. Richardson,* (*A. F. L. Norris* with him,) for Keilley.

*Reed,* A. G., for the Commonwealth.

HOAR, J. The motion in arrest of judgment is not open to the defendant for any cause existing before verdict, not affecting the jurisdiction of the court. *St.* 1864, *c.* 250, § 3.

1. The proceedings were rightly had at the term of the superior court for the transaction of criminal business. Although the process is primarily a process *in rem,* to procure the condemnation and forfeiture of intoxicating liquors illegally kept for sale, it involves in it a criminal charge which must be specifically set forth, and of which the forfeiture is the punishment. Gen. Sts. *c.* 86, §§ 44, 49. By § 52 it is provided that if nc claimant appears, &c., the costs shall be paid " as in other criminal cases." By § 53, the claimant of the liquors is allowed an appeal " to the same court as if he had been convicted of a crime." We cannot doubt that the legislature intended that the court for criminal business should have jurisdiction.

2. The opinion of the justice, that the value of the liquors seized exceeded twenty dollars, appears of record upon the

notice issued by him, attached to the warrant, and conforming to the direction of the statute. Gen. Sts. c. 86, §§ 46, 47, 54, 63.

3. The magistrate had jurisdiction of the cause by the issue and service of the warrant. The service of the notice upon Keilley does not appear; but he having appeared and been admitted as the claimant, it is too late for him after verdict to object to any defect in the service.

4. The liquors seized corresponded to those described in the complaint in respect to the kinds of liquors found, and were within the quantities named. This gave the magistrate jurisdiction; and there is therefore no ground for arrest of judgment. If any liquors were seized besides those described in the complaint, which we do not mean to intimate, the objection should have been taken against including them in the judgment of forfeiture. *Exceptions overruled.*